UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARAH B.,

                  Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 2:25-CV-2255-DWC

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").[1] The Court concludes that the Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. Accordingly, the decision of the Commissioner of the Social Security Administration is affirmed.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 1

## I.    Procedural History

Plaintiff filed her application for DIB on November 29, 2021, alleging disability as of July 17, 2019. Dkt. 6, Administrative Record ("AR") 75. Her claim was denied initially on September 19, 2022, and upon reconsideration on January 31, 2023. AR 75, 86. A hearing was held before ALJ Karen Sayon ("the ALJ") on October 7, 2024, AR 42, who issued a decision denying Plaintiff's claim on October 21, 2024. AR 17–30. The Appeals Council denied Plaintiff's request for review on September 15, 2025, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with this Court on November 12, 2025, seeking judicial review of the ALJ's decision denying benefits. Dkt. 1.

## II.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 2

the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

III.    **Discussion**

Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective symptom testimony. Dkt. 9 at 1.

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citation omitted). The first step requires an ALJ to determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation omitted). This objective medical evidence does not have to corroborate the severity of the alleged symptoms, rather, "the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Id.*

If a claimant has satisfied the first step, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1112 (citation omitted). As with all findings by the ALJ, however, the specific, clear, and convincing reasons for rejecting the claimant's testimony about the severity of their symptoms must also be supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1.

Here, Plaintiff testified that, "[d]epending on the kind of headache, [she would describe them as] *debilitating*. But if it were a migraine, that would be at least [ ] a full day of not being able to really get out of bed and function or even really think or do anything in bed." AR 53

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 3

(emphasis added). She further testified that, "[a]t one point, I was getting [migraines] every day, but certainly at least three a week." AR 55. Finally, she testified that if she had a migraine in the morning, "it would last all day[,]" and when she had one in the evening, occasionally, she would "wake up and [she] would still have it[.]" *Id.*

As for her cluster headaches, Plaintiff testified that "cluster headaches were sharper and would kind of take me out for maybe [a] few hours in the afternoon or evening." AR 53. She also testified that the cluster headaches "could last for a couple days or months or years or weeks, and you know . . . it was kind of like an ice pick through your forehead or eye[,]" AR 54, and that her longest cluster headache lasted for "a month. That's kind of a guess." AR 55.

The ALJ found that Plaintiff's impairments could reasonably be expected to produce some of the symptoms alleged and that there was no evidence of malingering. AR 27. The ALJ, therefore, was required to offer specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. *See Smith*, 14 F.4th at 1112. The ALJ sought to do so, here, based upon inconsistencies with the medical record and Plaintiff's successful medication regimens.[2] AR 27.

The ALJ found that Plaintiff:

> reported nearly daily headaches, yet she was never seen with an active headache by any provider during the relevant period, even when she was seen by other specialists. With proper treatment, she admitted her migraines were well controlled. [Plaintiff] admitted that she could manage through any underlying headaches, demonstrating that the headaches were not as debilitating as otherwise asserted. She required no acute or emergency treatment for debilitating headaches, and her headaches were generally described as not intractable.

---

[2] These were proper bases for an ALJ to discount a claimant's testimony about the severity of their symptoms. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility" for benefits).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 4

AR 27.

Plaintiff takes issue with the ALJ's characterization of certain findings. Dkt 9 at 6–9. For instance, Plaintiff argues that the ALJ did not properly consider Plaintiff's testimony because she "has three types of headaches, daily tension headaches, cluster headaches, and migraine" but the ALJ only found Plaintiff "has migraine headaches." *Id.* at 4. The Court observes that, at her hearing, Plaintiff never mentioned "daily tension headaches" and referred to migraines and headaches, interchangeably. *See* AR 55 (when asked how a migraine would make her feel, Plaintiff stated "the *headache* would come on and some sharp pains in my back, kind of will let me know the *headache* was coming.") (emphases added).

Plaintiff also argues that the ALJ erred because Plaintiff never testified that she had "*daily* debilitating headaches." Dkt. 9 at 4, 6. The Court observes, however, that Plaintiff herself testified that, "depending on the kind of headache," she would describe them as "debilitating" and also testified that, at one point, she was getting migraines "every day[,]" and that cluster headaches could last *a month*. AR 53. Here, the ALJ's reasonable interpretation of Plaintiff's testimony is supported by substantial evidence, and where the evidence is susceptible to more than one rational interpretation, as it is here, it is the ALJ's finding that must be upheld. *See Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022).

At bottom, the ALJ's findings that Plaintiff's medical records were inconsistent with her testimony are supported by substantial evidence. For instance, on October 15, 2019, Plaintiff indicated that her cluster headaches were "resolved after one 'trip' on LSD, in late spring [of 2019] rather than micro dosing LSD like she had been. No HA [headaches] since then." AR 77, 431. Similarly, Plaintiff's migraines were observed to be "managed ok with [medications]." AR 431.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 5

At her hearing in this matter, Plaintiff testified that "Aleve and Klonopin together would help [her migraines]." AR 56. Additional medical records from June 2019 indicate that "[g]abapentin worked for about 2 weeks to manage migraines" and "[m]axalt works for migraine management for 2.5 hours at a time." AR 425. Plaintiff argues that she "never admitted her migraine headaches were well-controlled" as the ALJ found, but later acknowledges that she "could manage through underlying headaches" and that "Plaintiff has treatment she can use for migraine, which does work after a period of debilitating symptoms." Dkt. 9 at 7–9.

Finally, despite testifying that her cluster headaches could last for a *month*, and migraines would last for a *full day*, Plaintiff was not observed to have a headache (of any kind) at any of her medical appointments in the relevant period, despite regularly attending medical appointments in that relevant period. AR 385–626. Plaintiff acknowledges that "she never reported a headache when she saw her medical providers." Dkt. 9 at 6. As Defendant argues, "it was reasonable [for the ALJ] to conclude that if Plaintiff was having daily background headaches, lengthy debilitating cluster headaches, and very frequent migraines, her medical providers would have seen her at some point during one of these occurrences." Dkt. 13 at 3.

In sum, the ALJ offered specific, clear, and convincing reasons for rejecting Plaintiff's subjective symptom testimony. *See Butler v. Saul*, 785 F. App'x 389, 389 (9th Cir. 2019) (holding that the ALJ properly found the claimant's "testimony about the frequency of her severe headaches was inconsistent with statements she made to providers"). For this reason, the Court concludes that the ALJ did not err in evaluating Plaintiff's testimony.

//

//

//

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 6

**IV.     Conclusion**

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED**.

Dated this 15th day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 7